BRUCE F. SHERMAN  #5996-0
1050 Bishop Street No. 509
Honolulu, Hawaii 96813
Telephone: (808) 221-0901
Email: bfs@bfshermanlaw.com

Attorney for Plaintiff
MYLES YAMAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MYLES YAMAMOTO, | CIVIL NO. |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES; JURY DEMAND; SUMMONS |
| GMA INVESTMENTS, L.L.C. d/b/a SUMMIT RECEIVABLES | |
| Defendants, | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, MYLES YAMAMOTO ("Plaintiff"), through Plaintiff's attorney, Bruce F. Sherman, alleges the following against Defendant, GMA

INVESTMENTS, LLC d/b/a SUMMIT RECEIVABLES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* and Hawaii state law governing collection agencies and practices, Haw. Rev. Stat. §§ 443B and 480, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k(d), and 15 U.S.C. § 1693(m).

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is a natural person residing in Kaneohe, HI.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and Haw. Rev. Stat. § 480-1.

6. Plaintiff allegedly owes a consumer debt as that term is defined by 15 U.S.C. § 1692a(5) and Haw. Rev. Stat. § 480D-2.

7. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and a collection agency as that term is defined by Haw. Rev. Stat. § 443B-1.

8. Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency domiciled in Henderson, Nevada.

10. Defendant is a business entity engaged in the collection of debt within the State of Hawaii.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. A principal purpose of Defendant's business is the collection of debts allegedly owed to third parties or using a trade name.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties or using a trade name.

14. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. The alleged debt at issue arose from transactions for personal, family, or

household purposes.

18. On or around June 26, 2017, Defendant called plaintiff as Summit Receivables, demanding payment of an alleged debt.

19. Summit Receivables is not a licensed or registered business entity or d/b/a in the state of Hawaii.

20. During Defendant's collection call, Defendant made false and deceptive statements regarding the alleged debt, stating Plaintiff had already agreed to pay the alleged debt.

21. Plaintiff had never heard of the alleged debt.

22. During the collection call, Defendant used rude and abusive practices such as refusing to let Plaintiff off the phone until Plaintiff made payment.

23. Defendant behaved in a rude and harassing manner when talking to Plaintiff.

24. Defendant coerced Plaintiff, using illegal threats, into pre-authorizing recurring electronic payments from Plaintiff's bank account.

25. Plaintiff did not agree in writing to the recurring electronic payments.

26. Plaintiff provided the information over the phone and did not sign or "e-sign" any documents relating to the recurring payments.

27. Defendant debited Plaintiff's checking account on or about June 28, 2017.

28. On or around July 10, 2017, Plaintiff, through counsel, sent Defendant a

letter disputing the debt and the electronic funds transfer.

29. Plaintiff demanded validation of the debt and that collections cease.

30. On or around September 2, 2017, Defendant debited Plaintiff's checking account despite failing to provide validation of the debt or otherwise respond to the dispute.

31. Defendant eventually returned the funds debited on September 2, 2017 to Plaintiff's account, however, the debit caused Plaintiff financial loss and mental and emotional distress.

32. Defendant threatened action it could not legally take.

33. Defendant attempted to collect amounts not authorized by contract or law.

34. Defendant used false representations and deceptive means to collect the alleged debt.

35. Defendant initiated recurring electronic fund transfers without written authorization.

36. Defendant called Plaintiff using a business name other than its true business name or a registered d/b/a.

37. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff.

38. Defendant's collectors are familiar with the FDCPA.

39. Plaintiff suffered financial and economic loss due to Defendant's actions.

40. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

41. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental and emotional distress.

## VIOLATIONS OF THE FDCPA

42. The preceding paragraphs are incorporated as if fully stated herein.

43. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

44. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## VIOLATIONS OF THE EFTA

45. The preceding paragraphs are incorporated as if fully stated herein.

46. Defendant is liable under 15 U.S.C. § 1693 for initiating preauthorized recurring electronic fund transfers without written authorization.

## VIOLATIONS OF HAWAII STATE LAW

47. Defendant is liable under Haw. Rev. Stat. § 443B-18(1) for using a name other than its true name in while engaged in the collection of a debt.

48. Defendant is liable under Haw. Rev. Stat. § 443B-18(4) for failing to disclose clearly the name and full business address of the company to whom the

claim has been to whom the claim is owed at the time of making its demand for money.

49. Defendant is liable under Haw. Rev. Stat. § 443B-18(8) for representing that Plaintiff's alleged debt may be increased by the addition of attorney's fees, investigation fees, service fees, and any other fees or charges when in fact the fees or charges may not legally be added to the alleged debt.

50. Defendant is liable under Haw. Rev. Stat. § 443B-18(9) for making false representations about its status and services.

51. Defendant is liable under Haw. Rev. Stat. § 480-2 for using unfair and deceptive acts and practices in the conduct of commerce.

## JURY DEMAND

52. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.
2. Statutory damages under the FDCPA of $1,000.
3. Statutory damages under the EFTA of $1,000.

4. Damages under Haw. Rev. Stat. § 480-13 of not less than $1,000 or threefold damages.

5. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §§ 1692k and 1693m.

6. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. §§ 1692k, 1693m, and Haw. Rev. Stat. §§ 480-2 et. seq. and 480-13.

7. Any other and further relief that this Court deems appropriate.

DATED:   December 1, 2017

>  */s/* Bruce F. Sherman
>  BRUCE F. SHERMAN
>  Attorney for Plaintiff
>  MYLES YAMAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MYLES YAMAMOTO, | ) CIVIL NO. |
| Plaintiff, | ) |
| vs. | ) JURY DEMAND |
| GMA INVESTMENTS, L.L.C. d/b/a SUMMIT RECEIVABLES | ) |
| Defendants, | ) |

JURY DEMAND

COMES NOW Plaintiff, and hereby demands trial by jury of all issues in this action so triable

DATED:   December 1, 2017

                                */s/* Bruce F. Sherman
                                BRUCE F. SHERMAN
                                Attorney for Plaintiff
                                MYLES YAMAMOTO